298 P.2d 375

**J. J. NEWBERRY COMPANY, a corporation, Plaintiff-Respondent,**

**v.**

**RETAIL CLERKS INTERNATIONAL ASSOCIATION, LOCAL NO. 560, a Labor Organization; Robert Lenaghen; Lora Denkers; Mel Simonson, Defendants-Appellants.**

No. 8339.

Supreme Court of Idaho.
June 6, 1956.

Rehearing Denied July 2, 1956.

86

Hugh C. Maguire, Jr., Pocatello, Clarence M. Beck, Reid W. Nielson, Salt Lake City, for appellants.

Merrill & Merrill, Pocatello, for respondent.

KEETON, Justice.

J. J. Newberry Company, a corporation, respondent here, will hereinafter be referred to as Newberry. Retail Clerks International Association, Local No. 560, a Labor Organization, Robert Lenaghen, Lora Denkers and Mel Simonson, appellants, will hereinafter be referred to as the Union.

In 1952 the Union claimed a majority representation of the employees of Newberry's store in Pocatello, and filed a petition for an election with the National Labor Relations Board, pursuant to congressional enactments and procedure, to which election Newberry consented. The purpose of the election was to permit Newberry's employees to vote as to whether they desired the Union to act as their bargaining agent. The election was scheduled for August 13, 1952. August 12 some of the employees of Newberry informed Mr. Lenaghen, secretary and treasurer of the Union, that none of the employees of Newberry would attend the meeting and none would vote for the Union. The Union then withdrew its request for an election.

Thereafter on August 13, 1952, the Union filed charges against Newberry before the National Labor Relations Board claiming unfair labor practices. The charge alleged in substance that the Union on and after June 23, 1952, represented a majority of Newberry's employees and that Newberry had refused to bargain with the Union and had dealt directly with the employees on the subject of wages and other conditions of employment without giving the Union's representatives an opportunity to be present; that Newberry had refused to recognize the Union as the exclusive representative or bargaining agent of Newberry's employees and had committed unfair labor practices in violation of Sec. 8(a) (1) and (5) of the National Labor Relations Act, 61 Stat. 136, 29 U.S.C.A. § 158(a) (1, 5). Newberry denied the commission of the acts complained of.

Hearing on the charge and the Regional. Director's complaint made pursuant thereto was held in Pocatello January 13, 1953. The trial examiner found on all issues in favor of Newberry, and specifically found that Newberry did not interfere with, restrain or coerce its employees within the meaning of the National Labor Relations Act, and recommended that the complaint be dismissed in its entirety. The National Labor Relations Board approved the findings and recommendation of the examiner and dismissed the proceedings March 25, 1953.

At a meeting of the Executive Council of the Union held in March, 1953, respondent Lenaghen was directed to place a picket in front of Newberry's store in Pocatello.

The Union then placed a picket to patrol the outside of the sidewalk at the entrance

and in front of Newberry's store, carrying a sign which read:

"Members & Friends
of Organized Labor
We Need Your Help
Please Shop At the Stores
That Display This Sign
(facsimile of Union store card or emblem)
Our Members
Do Not Patronize
Newberry's
Retail Clerks Union
Local #560."

At the same time Newberry was placed on the Union's unfair list. Such picketing continued to and including April 8, 1953, at which time Newberry filed a complaint in the district court praying for a restraining order. The Honorable W. C. Loofbourrow, District Judge, issued an order directing the Union to show cause why an injunction pendente lite should not be granted. Picketing pending the hearing was enjoined. Further hearings on the matter were referred to the Honorable Hugh A. Baker by order of the court.

The Union appeared as directed and filed a motion to quash, and set aside the temporary restraining order, in which motion it contended the restraining order contravenes the 1st and 14th Amendments to the Constitution of the United States, and Art. I, Secs. 9 and 10 of the Constitution of Idaho, and further that the court was without jurisdiction in the matter for the alleged reason that the matter complained of had been pre-empted by the Labor Management Relations Act of 1947, 61 Stat. 136, 29 U.S.C.A. § 141 et seq.

The motion to quash was heard, and on March 31, 1953, the court entered an order denying the motion and enjoined the Union, pending the action and until final determination thereof, from picketing Newberry's business or interfering with prospective patrons, or placing Newberry on its unfair list.

Thereafter the Union filed an amended answer to Newberry's amended complaint.

On issues joined trial was held in April, 1954, and the court thereafter made findings of fact and conclusions of law and entered judgment favorable to Newberry.

The trial court, among other findings, found:

"VI.

"That at all times since August 13, 1952, and at the time of, and during the picketing set forth above, the said union did not have the contractual right to, nor did it act for or in behalf of plaintiff's employees and did not act at the instance of, request of, or approval of said plaintiff's employees; that said picket was placed by said defendants, without the knowledge of plaintiff's employees and without any authority from plaintiff's employees or any of them.

"VII.

"That at no time did the defendant union, or any of its representatives or agents, present to or discuss with plaintiff, a contract or proposed agreement.

"VIII.

"That at no time was there a dispute or controversy between the employer and its employees in a collective bargaining unit concerning the right or process or details of collective bargaining or the designation of representatives.

"IX.

"That the purpose of placing said picket by the defendant union was unlawfully to intimidate, coerce and compel plaintiff to enter into an agreement with defendant union, and by the use of economic coercion by defendants, to destroy plaintiff's freedom of contracting.

"XI.

"That in addition to placing the picket, and for the same purposes, defendants secured the placement of the plaintiff on the 'unfair list' of Retail Clerks International Association, Local No. 560, Pocatello Building Trades Council, and Pocatello Central Labor Union."

By the terms of the judgment the Union, its officers, members, agents, servants and all persons acting in aid of or in conjunction with them, or any of them, were permanently enjoined from picketing Newberry's place of business. From the judgment and an order denying a new trial the Union appealed.

In assignments of error the Union contends: First, that the court erred in holding that it has power and authority to hear and determine the issues for the alleged reason that Newberry had failed and neglected to exhaust remedies available before the National Labor Relations Board pursuant to 61 Stat. 136, 29 U.S.C.A. §§ 141 et seq., 151 et seq.;

Second, that the trial court usurped power and authority of the Federal National Labor Relations Board to process, hear and determine the grievances and subject matter set out in plaintiff's amended complaint and the evidence offered in support thereof;

Third, the Union challenges the jurisdiction of the trial court to decide the issues for reasons set forth in assignments 1 and 2;

Fourth, that the conduct complained of was and is the lawful exercise of freedom of speech and the press, protected by the 1st and 14th Amendments to the Constitution of the United States, and Art. I, Secs. 9, 10 and 13 of the Constitution of Idaho;

Fifth, that the trial court's decision is contrary to and is forbidden by Sec. 44-703, I.C.;

Sixth, that the trial court failed to designate and define or describe an employing unit in his findings.

Assignments of error 7, 8, 9 and 10 challenge the jurisdiction of the court, the general contention being that a labor dispute existed which is exclusively to be heard and determined by the National Labor Relations Board.

Assignment of error 11 claims the court erred in denying a motion for a new trial on substantially the same grounds as are set forth in the assignments of error above enumerated. The assignments of error and contentions of the Union overlap and the same general proposition advanced in one is covered by others.

In points and authorities to sustain the above assignments of error the Union contends that Newberry should have exhausted its remedy before the National Labor Relations Board pursuant to 29 U.S.C.A. § 160, Labor Management Relations Act, commonly known as the Taft-Hartley Law; that the jurisdiction of the state court to hear and determine the cause has been superseded and pre-empted by an Act of the United States Congress, 29 U.S.C.A. § 151 et seq.; that Sec. 44-703, I.C. prohibits the issuing of the injunction; that the complained of picketing, publicity and advertising activities of the Union are constitutionally guaranteed.

Basically, the contentions and assignments of error present for decision the question of the jurisdiction of the court to hear and determine the matter and the protection that is afforded the Union by the provisions of the United States and State Constitutions guaranteeing freedom of speech and of the press.

■ The National Labor Relations Act as amended by the Taft-Hartley Law, 61 Stat. 136, Ch. 120, 29 U.S.C.A. § 141 et seq., regulating labor relations affecting commerce, is specifically limited to a labor dispute and also one that affects commerce. 29 U.S.C.A. § 142 defines the subject matter regulated by the Congressional Act in words as follows:

"When used in this chapter—

"(1) The term 'industry affecting commerce' means any industry or activity in commerce or in which a labor dispute would burden or obstruct commerce or tend to burden or obstruct commerce or the free flow of commerce."

The Labor Relations Act, 29 U.S.C.A. § 152(9) defines a labor dispute as:

"The term 'labor dispute' includes any controversy concerning terms, tenure or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, regardless of whether the disputants stand in the proximate relation of employer and employee."

By the definitions above quoted the activities of the Union here complained of are not specified in and do not come within the Congressional enactments covering labor practices or labor disputes affecting interstate commerce.

Whether Congress has foreclosed state regulations in all cases where a labor dispute exists and interstate commerce is involved is not presented for determination.

The activities and conduct of the Union here complained of have neither been approved nor prohibited by the National Labor Relations Act, and are not within the categories covered therein. Hence the Union cannot successfully attack the jurisdiction of state courts on the ground that Newberry failed to exhaust administrative or judicial remedies available under the Labor Management Relations Act, or that the activities complained of have been preempted or covered in the anti-injunction acts, 47 U.S.Stat. at Large, 70, 29 U.S.C.A. §§ 101 to 115, or the National Labor Relations Act, 29 U.S.C.A. §§ 151 to 168 inclusive. Milwaukee Boston Store Co. v. American Federation of Hosiery Workers, 269 Wis. 338, 69 N.W.2d 762; General Building Contractors' Ass'n v. Local Unions, 370 Pa. 73, 87 A.2d 250, 32 A.L.R.2d 822; International Union, U.A.W., A.F. of L., Local 232 v. Wisconsin Employment Relations Board, 336 U.S. 245, 69 S.Ct. 516, 93 L.Ed. 651; G., H. & E. Freydberg, Inc., v. International Ladies' Garment Workers, Sup., 128 N.Y.S.2d 470; International Molders & Foundry Workers' Union v. Texas Foundries, Tex.Civ.App., 241 S.W.2d 213; Elle v. Pocatello Bldg. & Const. Trades Council, and Simplot v. Pocatello Bldg. & Constr. Trades Council, 77 Idaho 514, 297 P.2d 519.

Cases cited by the Union purporting to express a contrary view covering situations coming within the provisions of the Labor Management Relations Act, 29 U.S.C.A. §§ 141 et seq., 151 et seq. are not in conflict with the views herein expressed. Further the Union had already had a hearing before the National Labor Relations Board and on issues presented, the Board determined the controversy favorable to Newberry.

No administrative or judicial remedies covering the present situation are provided in the Congressional enactments above cited and the contention that Newberry should have exhausted such remedies is not sustainable. Further, if the Congressional enactments covering labor disputes were applicable such remedies would have been futile. Before the machinery could have been put in operation the wrong complained of and prohibited by the injunction would have been accomplished.

The contention of the Union that the injunction issued in this case is in violation of and forbidden by subd. (e) of Sec. 44-703, I.C., is without merit.

■■■ There was no labor dispute existing between Newberry and its employees, or any of them. The restriction on issuing

an injunction in certain cases specified in said section 44–703, I.C. without following a specified procedure refers to a controversy between employees and employer. In the present situation the Union represented none of Newberry's employees, none desired Union representation, and none of such employees took any part in the picketing of the Newberry store. There being no labor dispute as defined by Sec. 44–712, I.C., the said statute, Sec. 44–703, I.C., has no application to the situation, and the trial court's jurisdiction was not limited or restricted. Elle v. Pocatello Bldg. & Const. Trades Council, supra, and Simplot v. Pocatello Bldg. & Const. Trades Council, supra.

The Union contends that the advertisements and picketing complained of were a proper exercise of freedom of speech and of the press permitted by the 1st and 14th Amendments to the Constitution of the United States, and Art. I, Secs. 9, 10 and 13 of the Idaho Constitution.

 The trial court correctly found that the picketing was for an unlawful purpose, i. e., for the purpose of unlawfully intimidating and coercing Newberry to enter into an agreement with the Union and to destroy Newberry's freedom of contracting. The constitutional provisions above cited do not prevent or prohibit the affording of appropriate remedies for the abuse of the constitutional guaranties. Robison v. Hotel & Restaurant Employees Local No.

782, 35 Idaho 418, 207 P. 132, 27 A.L.R. 642; Elle v. Pocatello Bldg. & Const. Trades Council, supra, and Simplot v. Pocatello Bldg. & Const. Trades Council, supra. Picketing and advertising for an unlawful purpose are subject to injunctive relief. Tarr v. Amalgamated Ass'n, etc., 73 Idaho 223, 250 P.2d 904.

 The contention of the Union that the trial court failed to define or describe an employing unit is of no materiality. The Union attempted, without authority, to represent employees of Newberry's Pocatello store. The employing unit of the one store presented the only issue. The election to be held August 13, 1952, covered only the employees of the one unit and the charges made before the National Labor Relations Board applied to the same business. There was no showing that other businesses were in any wise involved and the Union is not in a position to complain that an employing unit was not defined.

The right to engage in business or follow any lawful calling is a right open to all persons, together with the further right to conduct such business or calling without unlawful interference from others.

The motion for a new trial was properly denied. Judgment is affirmed. Costs to respondent.

TAYLOR, C. J., ANDERSON and SMITH, JJ., and BECKWITH, District Judge, concur.